FLOYD H. CRANE, RESPONDENT, v. BRIGHTON MILLS, A CORPORATION, APPELLANT.

Submitted December 7, 1922—Decided April 20, 1923.

1. In an action on a mechanics' lien claim, delivery slips or tickets for material delivered to the contractor and which were signed by it, and which showed on their face the amount and character of the material delivered, and that it was delivered for use by the contractor in erecting the buildings covered by the lien, are admissible in evidence against the owner, as tending to support plaintiff's claim that the material was delivered in good faith for use in the erection of such buildings.

2. A suit on a mechanics' lien claim against the owner and a corporate contractor, may be prosecuted to judgment, although the contractor has been decreed to be insolvent and a receiver has been appointed to take charge of its affairs; and this is so, notwithstanding the provision of section 2 of the supplement of 1919 to the Corporation act (*Pamph. L.*, *p.* 455), which declares that judgments obtained against a corporation after the appointment of a receiver shall be null and void.

On appeal from the Passaic County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Arthur S. Corbin*.

For the respondent, *Henry C. Whitehead*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action under the Mechanics' Lien law, instituted by the plaintiff, Crane, against two defendants, Berridge Building Company and Brighton Mills, the former being the general contractor, to whom the plaintiff furnished the material involved in the litigation, and the latter being the owner of the buildings for use in the construction of which this material was furnished to the contractor. The plaintiff having demanded payment from the contractor for the material furnished, and the demand not having been complied with, he filed a lien upon the buildings of the defendant, Brighton Mills Company, and then instituted the present suit. The trial resulted in a general judgment against the contractor and a special judgment against the owner. The latter has appealed from the special judgment entered against it.

The proofs showed that the Brighton Mills Company was the owner of a tract of land known as Allwood, located in the city of Clifton; that it made a contract with the Berridge company to erect twelve frame dwellings upon this tract; that the Berridge company made a sub-contract with the plaintiff, Crane, for the furnishing of sash and doors for these twelve houses, and that, in execution of this sub-contract, the plaintiff delivered the material embraced in it to the Berridge company, some of it at the Allwood tract and some of it at the plant of the plaintiff.

The first ground of reversal is directed at an alleged erroneous ruling on the evidence offered by the plaintiff. In order to prove delivery of the material to the Berridge company, the plaintiff offered in evidence certain slips, known as delivery tickets, signed by one of the partners in the Berridge concern, admitting the receipt of the material therein specified. The proofs showed that these deliveries were made at the plant of the plaintiff, and the objection to the admission of the slips was that, standing alone, they were not evidential on the question as to whether the material had been actually used in the construction of the buildings which

were being erected by the Brighton mills, and that no attempt was afterwards made to prove such actual user. We think the reception in evidence of these delivery slips was not objectionable for the reason stated. They showed on their face not only the amount and character of the material delivered, but that the delivery was for use in the buildings of the Brighton mills on the Allwood tract, and the signature of the Berridge concern to these slips was evidence that the materials were received for that use. In the case of *Bell* v. *Mecum*, 75 N. J. L. 547, 549, it was held that evidence tending to support the plaintiff's claim for materials delivered in good faith for use in the erection of the building was sufficient to support his claim; and that, in the absence of fraud on his part, even though there had been a diversion of the same by the principal contractor to a purpose other than that for which they were supplied, the owner could not take advantage of this breach of good faith by the contractor. On the doctrine of this case, the delivery slips were properly received in evidence as tending to support the plaintiff's claim.

It is further urged as a reason for reversal that the court erred in refusing to grant a motion to nonsuit made by the defendant, the Brighton mills, at the close of the plaintiff's case. This motion was rested upon two grounds. The first was that, as the material has been furnished for use in twelve different buildings, the plaintiff was bound to show a *pro rata* distribution of his lien claim among the various buildings embraced in it and that the distribution was based upon the apportionment of the deliveries among the houses covered thereby. The motion, we think, was properly denied, so far as this contention is concerned. The lien claim was offered in evidence, and that showed an equal distribution of the whole claim among the twelve houses which were being constructed on the Allwood tract; and there was proof in addition that these twelve houses were substantially alike in construction. These two pieces of testimony, taken together, made it a question of fact to

be determined by the jury whether or not there was an equitable distribution of the plaintiff's claim among the twelve buildings for which the materials were furnished.

The other ground upon which the motion to nonsuit was rested was based upon the fact, which appeared in evidence, that at the time of the trial of this suit, insolvency proceedings were pending in the Court of Chancery against the Berridge company, under which a receiver had been appointed; that, for this reason, no general judgment could be recovered against it; and that no special judgment could be recovered against the Brighton Mills unless a general judgment was also recovered against the contractor. The contention that no general judgment was recoverable against the Berridge company is based upon section 2 of the supplement of 1919 or our Corporation act (*p.* 455). The provision of that section, so far as it is applicable to the present question, is that "all levies, judgments, attachments or other liens obtained through legal proceedings against a corporation— shall be deemed null and void in case a receiver shall be appointed by the court" (of Chancery)—and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the receiver as a part of the estate of the corporation." In considering the effect of a similar legislative provision in the original statute, it was held by the Court of Errors and Appeals in *Taylor* v. *Gray,* 59 *N. J. Eq.* 621, that "A pending action against a corporation may regularly proceed, notwithstanding an adjudication of insolvency and appointment of a receiver to wind up its affairs and distribute its assets among its creditors and stockholders." This judicial declaration seems to us dispositive of the question we are now considering. But in the absence of any such precedent, we would have no doubt that the motion to nonsuit upon the ground secondly stated was properly refused. The purpose of the Mechanics' Lien law, as stated in its title, is to secure to mechanics and materialmen payment for their labor and materials in the erec-

tion of any building; and to accomplish this purpose a lien is given upon the building for the value of the labor or materials in the event of the failure of the principal contractor to make payment for the same. For the protection of the owner against false claims, the statute requires the materialman or laborer, when seeking to enforce by suit his claim against the building, to join the owner and contractor as co-defendants; and, for the purpose of demonstrating his right to a lien and its amount, to prove not only that the labor was done upon or the material furnished to the building which was being erected by the owner, but that the amount of the lien was the sum which the principal contractor owed for such labor and material; and to prove these facts conclusively by the recovery of a judgment against the contractor. This being the purpose of the Mechanics' Lien law, that statute and the provision of the Corporation act which has been appealed to by the defendant must be construed so as to render them both effective, if possible; and this is accomplished by permitting the materialman or laborer to recover a judgment against the contractor, not for the purpose of collecting the same from him or the receiver, but solely for the purpose of establishing the existence of and the amount of the lien which he is entitled to enforce against the building This evidently was the view of the trial judge which led him to refuse the motion to nonsuit upon this latter ground, and we have no doubt of its soundness.

The judgment under review will be affirmed.